572 December 10, 2025 No. 1065

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. L.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. L.,
*Appellant.*

Clackamas County Circuit Court
23CC02939; A181426

Cody M. Weston, Judge.

Submitted October 04, 2024.

Liza Langford filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Appellant seeks reversal of a judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days. In two assignments of error, appellant contends that the trial court erred because (1) the record lacks clear and convincing evidence that appellant met the "expanded criteria" for civil commitment as set forth by ORS 42.005(1)(f)(C); and, (2) the trial court erred in allowing the State's witnesses to appear remotely, and by doing so, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. For the following reasons, we affirm.

*Facts and Procedural Background*

Appellant has multiple mental health diagnoses coupled with a history of hospitalization due to the decompensation of his schizoaffective disorder. In the days and weeks prior to his hospitalization on May 11, 2023, appellant suffered a consistent mental health decline.

In one instance, on May 2, a Licensed Clinical Social Worker with the Crisis Intervention Team for Clackamas County, who had at the time known appellant for at least seven years, observed that conversations with appellant were incoherent when compared to previous interactions and believed appellant's condition to be deteriorating.

Additionally, on May 10, a Behavioral Health Specialist and licensed Civil Commitment Investigator with the Canby Police Department, who likewise had known appellant for seven years, found appellant lying face down in the grass outside the offices for the Department of Human Services and observed appellant had disorganized and incoherent speech as well as delusional thoughts.

At appellant's commitment hearing, the psychiatrist tasked with appellant's care at that time, who had known appellant for about a year and a half, testified that appellant's symptoms were, as opposed to indicative of his previously diagnosed schizoaffective disorder, more consistent with "malingering," which he defined as "presenting" to the hospital "with the hope of not medical treatment, but

secondary gain." The psychiatrist opined that appellant's secondary goals in this case were to secure "housing, restoring his cars from impound, as well as getting his money back from Clackamas County." However, the above Licensed Clinical Social Worker and Behavioral Health Specialist, along with at least two additional mental health investigators, testified or submitted written reports to the trial court record with consistent agreement among them that appellant's condition and cognitive abilities had deteriorated in a way similar to his previous civil commitments.

## *Analysis*

### *Expanded Criteria*

Unless we exercise our discretion to review the question of the sufficiency of the evidence *de novo*, which we do not in this case, "for the expanded criteria determination, we view the record in the light most favorable to the trial court's determination and review the evidence, as supplemented and buttressed by permissible derivative inferences, to assess whether, when to viewed, the record was legally sufficient to permit a rational factfinder to reach that same outcome." *State v. T. Z.*, 287 Or App 8, 9, 401 P3d 1265 (2017). A trial court may commit a person under "expanded criteria" if the State proves, by clear and convincing evidence that the person (1) has a chronic mental illness as defined by ORS 426.495; (2) has been committed twice within the previous three years; (3) is exhibiting symptoms or behavior substantially similar to those prior to one or more of the previous commitments; and (4) if left untreated will continue, to a reasonable medical probability, to physically or mentally deteriorate so that the person will become either a danger to oneself or others, or become unable to provide for their own basic needs. ORS 426.005(1)(f)(C).

While appellant contends that the testimony and evidence provided to the trial court by various mental health professionals should be given substantially less weight than the testimony of the psychiatrist treating appellant at the time of the commitment hearing, this argument is not well taken. We agree with the State and conclude that the "extensive experience" each of the other three mental health

experts had with appellant, coupled with their unanimous conclusions that appellant fit the statutory requirements for expanded criteria, sufficed to support affirming the trial court's finding that appellant be committed pursuant to ORS 426.005(1)(f)(C).

*Remote Testimony*

In his second assignment of error, appellant contends that the trial court erred in denying his motion for in-person testimony. Concerningly, however, appellant attempts to recycle the arguments made in that denied motion by stating in his opening brief, "those arguments raised in [the underlying] motion are adopted in full as if set out herein. However, we have made clear that "a party must present its arguments in the opening brief" and that it is wholly inappropriate to "rely on incorporation by reference," even if doing so still complies with ORAP word limit requirements. *JGB Enterprises, LLC v. OLCC*, 325 Or App 326, 340, 529 P3d 262 (2023). In light of appellant failing to provide this Court with independent arguments in his opening brief, we affirm the trial court's denial of the underlying motion on procedural grounds and decline to reach the merits of his claim.

Affirmed.